UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff/Respondent, § | | |
| § | | |
| v. § | | CRIMINAL NO. 2:17-431-6 |
| § | | CIVIL NO. 2:18-234 |
| DANIA CARDOZA-MONTES, § | | |
| Defendant/Movant. § | | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Dania Cardoza-Montes filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 260). Pending before the Court is the United States' (the "Government") Motion for Judgment on the Record (D.E. 271), to which Movant has responded (D.E. 277). For the reasons stated herein, the Government's motion is **GRANTED**, and Movant's § 2255 motion is **DENIED**.

## I. BACKGROUND

In 2017, Movant and six other individuals were charged with conspiracy to transport aliens in violation of 8 U.S.C. §§ 1326(a)(1)(A)(ii), 1326(a)(1)(A)(v)(I), and 1326(a)(1)(B)(i). Movant pled guilty before a United States Magistrate Judge pursuant to a written plea agreement. The Court accepted Movant's guilty plea and adopted the recommendation that she be found guilty.

The Probation Office prepared a Presentence Investigation Report (PSR, D.E. 164), which calculated Movant's base offense level at 12. Nine levels were added because the conspiracy involved more than 100 aliens; two levels were added because Movant had sustained a prior conviction for conspiracy to transport aliens; four levels

1

were added because the conspirators had transported two unaccompanied minors; four levels were added because one of the aliens reported observing coconspirator Mayra Guillen-Moreno brandishing a firearm during the commission of the offense; and two levels were added because the offense created a risk of death or serious bodily injury. This resulted in an adjusted base offense level of 33. Four more levels were then added because Movant exercised a leadership role in the conspiracy. After credit for acceptance of responsibility, Movant's total offense level was 34. With a criminal history category of IV, her advisory Guideline sentencing range was 210–262 months. However, because the statutory maximum sentence was ten years, her Guideline range defaulted to 120 months.

Defense counsel filed written objections to the PSR. D.E. 140. Specifically, counsel objected to Movant being held accountable for 240 aliens and argued that she should only be held accountable for 78 aliens. Counsel further objected to the enhancement for brandishing a weapon because the firearm was found in Guillen-Moreno's house and used for self-protection, not in furtherance of the offense.

Sentencing was held on January 10, 2018. At the start of the hearing, the Assistant United States Attorney (AUSA) announced that defense counsel had agreed to withdraw his objection to the number of aliens and that the Government had no evidence to support the weapon enhancement. The Court adopted the PSR as modified regarding the weapon enhancement and calculated Movant's advisory Guideline range to be the maximum sentence of 120 months. The Government moved for a downward departure pursuant to U.S.S.G. § 5K1.1 and requested one third off the Guidelines. Defense counsel requested

2

at least 50 percent off the Guidelines. The Court ultimately sentenced Movant to 80 months' imprisonment, to be followed by 3 years' supervised release.

Judgment was entered January 12, 2018. Movant did not appeal. Her conviction therefore became final on January 26, 2018. *See* FED. R. APP. P. 4(b)(1)(A)(i). Movant filed the present motion under § 2255 on August 6, 2018. It is timely.

## II. MOVANT'S ALLEGATIONS

Movant's motion contains a laundry list of complaints concerning trial counsel's alleged ineffectiveness, which fall into the following general categories:

A. Counsel failed to investigate, interview, and/or prepare alibi witnesses, potential corroborating witnesses, prospective defense witnesses, prosecution witnesses, and Movant herself, and he failed to listen to Movant's version of the case;

B. Counsel was ineffective before sentencing because he failed to obtain a plea agreement for which Movant could receive a lower sentence for acceptance of responsibility and failed to consult with Movant concerning her PSR; and

C. Counsel failed to object at sentencing to the enhancements for brandishing a gun, the number of aliens involved in the offense, and leadership role.

## III. LEGAL STANDARDS

### A. 18 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for

3

transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**B. Ineffective Assistance of Counsel**

An ineffective assistance of counsel allegation presented in a § 2255 motion is properly analyzed under the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 689 (1984). *United States v. Willis*, 273 F.3d 592, 598 (5th Cir. 2001). To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his or her counsel's performance was both deficient and prejudicial. *Id.* This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. *United States v. Dovalina*, 262 F.3d 472, 474–75 (5th Cir. 2001).

In reviewing ineffectiveness claims, "judicial scrutiny of counsel's performance must be highly deferential," and every effort must be made to eliminate "the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. An ineffective assistance claim focuses on "counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct[,]" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence." *Id.* at 689–90. With regard to the prejudice requirement, a movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need

4

not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter*, 131 F.3d at 463.

## IV. ANALYSIS

### A. Failure to Investigate

Movant complains that counsel failed to investigate, interview, and/or prepare alibi witnesses, potential corroborating witnesses, prospective defense witnesses, prosecution witnesses, and Movant herself, and he failed to listen to Movant's version of the case.

Under *Strickland*, a petitioner "who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the [case]." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989) (citing *Alexander v. McCotter*, 775 F.2d 595 (5th Cir. 1985)); *see also United States. v. Bernard*, 762 F.3d 467, 472 (5th Cir. 2014). Movant, however, "has failed to suggest with specificity what exculpatory evidence could have been uncovered by a more thorough investigation by [her] counsel, and has failed to show that counsel's [purported] failure to follow up on [her] leads was unreasonable." *See Green*, 882 F.2d at 1002.

### B. Plea Agreement and PSR

Movant next alleges that counsel was ineffective before sentencing because he failed to obtain a plea agreement for which Movant could receive a lower sentence for acceptance of responsibility. The record directly contradicts this claim. Movant's plea agreement with the Government explicitly provides: "If the Court determines that

5

Defendant qualifies for an adjustment under section 3E1.1(a) of the United States Sentencing Guidelines, and the offense level prior to operation of section 3E1.1(a) is 16 or greater, the United States will move under section 3E1.1(b) for an additional one-level reduction because Defendant timely notified authorities of his or her intent to plead guilty." D.E. 83, ¶ 2. Not only do Paragraphs 49 and 50 of the PSR reflect a 3-level adjustment for acceptance of responsibility consistent with the plea agreement, the Government also filed a motion for downward departure on Movant's behalf and recommended one third off her Guideline range.

The record similarly belies Movant's allegation that counsel failed to consult with her concerning her PSR. Movant testified under oath at sentencing that she received a copy of her PSR, read it, and discussed it with her attorney. 1/10/2018 Sent. Tr., D.E. 265 at 4:14-19.

**C. Sentencing**

Finally, Movant alleges that counsel "acted as a mere spectator at sentencing" and failed to object to the enhancements for brandishing a gun, the number of aliens involved in the offense, and leadership role.

Movant claims that counsel was ineffective for failing to object to the 4-level enhancement under U.S.S.G. § 2L1.1(b)(5)(B) because a dangerous weapon was brandished. The record reflects that counsel did object to this enhancement. D.E. 140, Obj. 1, 3. After consulting with defense counsel, the Government informed the Court that it "ha[d] no evidence to show that this co-conspirator firearm is reasonably perceivable

6

for this Defendant." Sent. Tr. at 3:16-18. As a result, the Court adopted the PSR "as modified regarding the weapon issue or enhancement." *Id.* at 5:3-4.

Movant also complains that counsel was ineffective for failing to object to the 9-level enhancement under U.S.S.G. § 2L1.1(b)(2)(C) because the offense involved the smuggling, transporting, or harboring of 100 or more aliens and to the 4-level enhancement under U.S.S.G. § 3B1.1(a) because Movant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. Movant's own statements at rearraignment show that such objections would have been frivolous. After Movant was arraigned on the conspiracy charge, the AUSA offered a summary of the offense conduct to support a finding of guilt. He stated that Movant "was described in this and the evidence supports, that she is what would be described as the coordinator or main organizer for this alien smuggling organization." 9/28/2017 Rearraign. Tr., D.E. 267 at 29:16-19. The AUSA also described a number of seizures of aliens by law enforcement during the course of the conspiracy: 28 aliens from a tractor-trailer at the Falfurrias Border Patrol checkpoint on June 24, 2017; 26 aliens from a tractor-trailer at the same checkpoint on July 9, 2017; another 26 aliens from a tractor-trailer on July 11, 2017; and 14 aliens from a tractor-trailer on July 21, 2017. *Id.* at 29:20–30:9, 31:21-23. Coconspirator Guillen-Moreno also admitted that she harbored approximately 240 illegal aliens during the time she worked for Movant. *Id.* at 32:25–33:3. Movant acknowledged the accuracy of the AUSA's summary of the offense conduct, and the Court found that the Government had offered a sufficient factual basis to support a finding of guilt. *Id.* at 35:8-16.

7

Movant's sworn statement in open court confirming that the smuggling operation involved at least 240 aliens and that she was "the coordinator or main organizer for this alien smuggling operation" is entitled to a strong presumption of truthfulness. *See United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (quoting *Blackledge v. Allison*, 431 U.S. 63, 74 (1977) (statements made under oath in open court "carry a strong presumption of verity" and create a "formidable barrier" in subsequent proceedings)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283–84 (5th Cir. 2002). Counsel was not ineffective for failing to object to the enhancements based on the number of aliens involved in the smuggling operation or the enhancement for being a leader/organizer.

In sum, the Court finds that Movant has failed to show her counsel acted unreasonably in any way. Her ineffective assistance of counsel claims are therefore denied.

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the

habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA on any of her claims. That is, reasonable jurists could not debate the Court's resolution of her claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI. CONCLUSION

For the foregoing reasons, the Government's Motion for Judgment on the Record (D.E. 271) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 260) is **DENIED**. Movant is further **DENIED** a Certificate of Appealability.

**ORDERED** 4/23/19 .

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE