UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff, | §<br>§<br>§ | |
| v. | § | CRIMINAL NO. 2:17-431-6 |
| DANIA CARDOZA-MONTES,<br>    Defendant. | §<br>§<br>§<br>§ | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant Dania Cardoza-Montes' Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release). D.E. 316. For the reasons stated below, the motion is **DENIED**.

**I. BACKGROUND**

In 2017, Defendant pled guilty to conspiracy to transport undocumented aliens. She has served approximately 40 months (50%) of her 80-month sentence and has a projected release date, after good time credit, of September 7, 2023. She now moves the Court for compassionate release because her underlying medical conditions make her particularly vulnerable to severe illness or death should she contract COVID-19 in prison. On August 8, 2020, the warden at FPC Bryan denied Defendant's request for compassionate release. D.E. 316, p. 56. The warden denied her appeal of his decision on September 22, 2020, explaining that Defendant did not have a medical condition that would place her at risk for COVID-19 complications as defined by Centers for Disease Control and Prevention guidelines and was assigned a medical care level 1 (healthy or stable chronic care) and a regular work duty status with no restrictions. *Id.*, p. 53.

1

## II. LEGAL STANDARD

The statute, 18 U.S.C. § 3582(c)(1)(A), authorizes a court to reduce a defendant's sentence under limited circumstances:

> **(c) Modification of an Imposed Term of Imprisonment.**—The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> (i) *extraordinary and compelling reasons warrant such a reduction* . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

"Neither the [U.S. Sentencing Commission's compassionate-release] policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582." *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021). Although "not dispositive," the commentary to U.S.S.G. § 1B1.13 nonetheless "informs [the Court's] analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021) (citing *United States v. Rivas*, — Fed. App'x —, 2020 WL 6437288, at *2 (5th Cir. Nov. 2, 2020)).

2

**(A) Medical Condition of the Defendant.—**
  (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
  (ii) The defendant is—
    (I) suffering from a serious physical or medical condition,
    (II) suffering from a serious functional or cognitive impairment, or
    (III) experiencing deteriorating physical or mental health because of the aging process,
  that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(B) Age of the Defendant. –**
The defendant is (i) at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less;

**(C) Family Circumstances. –**
  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(D) Other Reasons. –**
As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary or compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13(1)(A), Application Note 1.

Even if "extraordinary and compelling reasons" for early release exist, the Guidelines' policy statements provide for a reduction in sentence only if a defendant "is not a danger to the safety of any other person or the community, as provided in 18 U.S.C.

3

§3142(g)." U.S.S.G. § 1B1.13(2). Factors relevant to this inquiry include: (1) the nature and circumstances of the offenses of conviction, including whether the offense is a crime of violence, or involves a minor victim, a controlled substance, or a firearm, explosive, or destructive device; (2) the weight of the evidence; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g).

The Court must also consider whether a reduction is consistent with the applicable section 3553(a) factors. *See* 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. The applicable statutory factors include, among others: the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; the need to provide the defendant with, among other things, any needed medical treatment; and the various kinds of sentences available. *See* 18 U.S.C. §§ 3553(a)(1)-(7).

> With respect to motions for compassionate release based on COVID-19:
>
> A review of a motion for release based on COVID-19 is highly fact-intensive and dependent on the specific conditions of confinement and medical circumstances faced by the defendant. Hence, a prisoner cannot satisfy his burden of proof by simply citing to nationwide COVID-19 statistics, asserting generalized statements on conditions of confinement within the BOP, or making sweeping allegations about a prison's ability or lack thereof to contain an outbreak. . . . [T]he rampant spread of the coronavirus and the conditions of confinement in jail, alone, are not sufficient grounds to justify a finding of extraordinary and compelling circumstances. Rather, those circumstances are applicable to all inmates who are currently imprisoned and hence are not unique to any one person.

4

*United States v. Koons*, 2020 WL 1940570, at *4 & n.8 (W.D. La. Apr. 21, 2020) (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).

> To be sure, courts around the country, in some exceptional cases, have granted compassionate release where the defendant has demonstrated an increased risk of serious illness if he or she were to contract COVID. . . . But that is certainly not a unanimous approach to every high-risk inmate with preexisting conditions seeking compassionate release.
>
> The courts that granted compassionate release on those bases largely have done so for defendants who had already served the lion's share of their sentences and presented multiple, severe, health concerns. . . . Fear of COVID doesn't automatically entitle a prisoner to release.

*Thompson*, 984 F.3d at 434–35 (collecting cases) (footnotes and citations omitted).

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release." *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

### III. ANALYSIS

Defendant is 44 years old. She suffers from chronic iron deficiency, anemia, obesity, dysmenorrhea, and menorrhagia, and has a history of MRSA and other skin infections. Of these conditions, the Centers for Disease Control and Prevention (CDC) has determined that "obesity (BMI $\geq 30$ kg/m$^2$ but < 40 kg/m$^2$) can make you more likely to get severely ill from COVID-19." *People with Certain Medical Conditions*, CDC (May 13, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

"Though obesity is an 'underlying medical condition' that poses 'increased risk for severe illness from COVID-19,' courts have found that obesity does not provide

5

adequate grounds for compassionate release." *United States v. Gheith*, 2020 WL 5850162, at *4 (E.D. La. Oct. 1, 2020), appeal dismissed, 2021 WL 1565813 (5th Cir. Feb. 17, 2021) (citing *United States v. Gordon*, 2020 WL 3971013, at *3 (E.D. Mich. July 14, 2020) (denying compassionate release of an obese defendant, reasoning that because "42.4% of American adults are obese and additional 32% are overweight," obesity "is not a condition so [extraordinary] that injustice would result if the relief is not granted"); *United States v. Whiteman*, 2020 WL 4284619, at *1 (E.D. Pa. July 27, 2020) (denying compassionate release of a defendant whose "only active health problems are obesity and high blood pressure"); *United States v. Takewell*, 2020 WL 4043060, at *3 (W.D. La. July 17, 2020) (denying compassionate release upon finding that the defendant's "general complaint obesity and hypertension are not consistent with extraordinary or compelling circumstances as provided by the policy statement and its commentary")).

Moreover, FPC Bryan, where Defendant is incarcerated, currently has zero active COVID-19 case among inmates or staff. *See* https://www.bop.gov/coronavirus/ (last visited May 28, 2021). The BOP is also working with the CDC and the federal government's COVID-19 Vaccine/Therapeutics Operation to ensure the COVID-19 vaccine is "available to all staff and inmates who wish to receive it as quickly as possible." *Id.* As of May 28, 2021, 401 out of 476 inmates at FPC Bryan (84%) have been fully vaccinated against COVID-19. *Id.* If Defendant has not already been offered a vaccine, she will be soon. On this record, the Court finds that extraordinary and compelling reasons do not exist that would warrant compassionate release. *See United*

States v. Jenkins, 2021 WL 2018976, at * 4 (May 18, 2021) (Rainey, J.) (citing *United States v. Davis*, 2021 WL 1382119, at *2 (D.N.J. Apr. 12, 2021) ("As vaccine access expands to inmates at FDC Philadelphia, the risk that Davis will contract a serious case of COVID-19 continues to decrease."); *United States v. Kaneshiro*, 2021 WL 1138058, at *3 (D. Haw. Mar. 24, 2021) ("The possible availability of the vaccine in the near future is therefore not something that [t]his court can ignore in ruling on Kaneshiro's compassionate release request.")).

## IV. CONCLUSION

For the reasons stated above, Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A) (Compassionate Release) (D.E. 316) is **DENIED**.

**ORDERED** 5/28/2021.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE